IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER CAMPBELL,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-0289-L** |
| | § | |
| **TIMOTHY REED, KENNEDY** | § | |
| **TRANSPORTATION, INC. and PLUS** | § | |
| **KENNEDY TRANSPORTATION,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Leave to Amend Complaint and Add Non-Diverse Defendants, filed May 9, 2008. After carefully considering the motion, response, record, and applicable law, the court **denies** Plaintiff's Motion for Leave to Amend Complaint and Add Non-Diverse Defendants.

### I.    Factual and Procedural Background

Plaintiff Christopher Campbell ("Plaintiff" or "Campbell") was involved in a car accident on February 21, 2006. He filed a lawsuit seeking relief for his injuries from this accident on November 29, 2007 in state court. Defendants Timothy Reed, Kennedy Transportation, Inc., and Plus Transportation, Inc. ("Defendants") removed the case to this court on February 19, 2008. On February 18, 2008, Campbell was involved in a second car accident for which he suffered additional injury.

In this motion, Plaintiff seeks to add non-diverse defendants to this case. Campbell alleges that because his doctors cannot distinguish between the injuries suffered in the first accident from

those suffered in the second accident, his injuries are "indivisible" and the collection of defendants may be held jointly and severally liable. Defendants argue that Plaintiff does not satisfy the standard to join additional parties to the current litigation. They contend that the injuries are not "indivisible," did not occur concurrently or under the same circumstances, and thus may not be joined in a single lawsuit.

## II.     Legal Standard

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although Rule 15(a) evinces a bias in favor of granting leave to amend, such leave is not automatic. In deciding whether to allow amendment, a district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion for leave should not be denied "unless there is a substantial reason to do so." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).

## III.    Analysis

Plaintiff alleges that because his doctor cannot distinguish between the two injuries, additional defendants should be joined in this litigation and all defendants should be held jointly and severally liable. For this reason, Campbell seeks to amend his complaint to join as defendants the parties involved in the second car accident. Defendants argue that joinder is improper because

Plaintiff's injuries are not "indivisible," did not occur concurrently and are the product of two distinct and different accidents. For these reasons, Defendants oppose Plaintiff's motion.

One of the factors the district court considers in evaluating a motion for leave to amend is the futility of the amendment, if permitted by the court. *Price*, 138 F.3d at 608. The standard for evaluating futility of amendment is "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (internal citation and quotation omitted). "When futility is advanced as the reason for denying an amendment to a complaint, the court is usually denying leave because the theory presented in the amendment lacks legal foundation . . . ." *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007).

Because Plaintiff seeks to join additional parties to the litigation, the court must consider as part of its analysis Rule 20 of the Federal Rules of Civil Procedure. Under Rule 20, the party seeking joinder must satisfy the "same transaction, occurrence, or series of transactions or occurrences" standard as well as show that a "question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A). In other words, a plaintiff must show that the actions of the defendants to be joined are related to the actions of the original defendants. If this standard cannot be met, the court will not permit the plaintiff to join additional defendants to the litigation.

In this case, Plaintiff was involved in two unrelated automobile accidents, which occurred two years apart, in different areas of the state, and involving different people and cars. Almost

everything about the two accidents is distinct, except Plaintiff's claim that his doctors cannot distinguish the injuries caused by the first accident from those caused by the second accident. This single connection, if it is a connection, does not meet the standard to join additional defendants. Plaintiff's injuries did not arise "out of the same transaction, occurrence, or series of transactions or occurrences." *Id*. While the second accident may have aggravated his injury from the first, there simply is no connection between the two accidents.

Plaintiff argues that the two accidents are indivisible pursuant to *Landers v. East Texas Salt Water Disposal Co.*, 248 S.W.2d 731 (Tex. 1952), and *Rodriguez v. Moerbe*, 963 S.W.2d 808 (Tex. App. – San Antonio 1998, pet. denied). In *Landers*, the court permitted the plaintiff to join additional defendants to the litigation whose actions had allegedly caused an indivisible injury. *Landers*, 248 S.W.2d at 734. In that case, the plaintiff filed suit alleging that pollutants from two pipeline breaches killed all the fish in his lake and caused damage to his property. *Id*. at 731-32. Because a salt water company and an oil company each owned a pipeline, both of which broke on approximately the same date and released significant quantities of pollutants into the lake, the court permitted the plaintiff to join the defendants. *Id*. at 731-32, 734. The court noted that "[w]here the tortious acts of two or more wrongdoers join to produce an indivisible injury . . . all of the wrongdoers will be held jointly and severally liable for the entire damages and the injured party may proceed . . . against all in one suit." *Id*. at 734. The case before the court is factually different, and Plaintiff's reliance on *Landers* is misplaced. In *Landers*, two polluters essentially released pollutants into a body of water at the same time. *Id*. at 731-32. In this action, Plaintiff seeks to add non-diverse defendants based on an accident that occurred two years after the first accident, and in a different city. The facts in *Landers* clearly establish that the injury was indivisible and could not

**Memorandum Opinion and Order- Page 4**

be traced to a sole source. *Id*. at 734. The second accident may have aggravated a preexisting injury, which is separate and distinct from the first injury. Moreover, Plaintiff has not provided the court with a single case suggesting that the *Landers* decision could be extended to automobile accidents of this nature.

Plaintiff also argues that *Rodriguez* supports his contention that his injuries are indivisible. In *Rodriguez*, the plaintiff suffered injury when a third-party vehicle ran a stop sign, causing an automobile accident. 963 S.W.2d at 812. According to the record, the defendant had been in pursuit of the third-party on suspicion that its occupants had previously burglarized his vehicle. *Id*. In that case, the court denied the defendant's motion for summary judgment on the grounds that a factual dispute existed as to whether the involvement of the third-party automobile operated as a "new and independent cause" concerning the plaintiff's injuries. *Id*. at 820-21 (internal quotations omitted). In reaching its decision, the court explained that "the original wrongdoer is relieved of liability" in the event there is a "new and independent cause" pertaining to the injury. *Id*. at 820. The court denied the defendant's motion for summary judgment because "a rational trier of fact could determine that there was no new and independent cause." *Id*. at 821. Plaintiff attempts to show that the second accident was not a "new and independent cause," and that the court should consider the accidents to be concurrent. The two events in *Rodriguez*, the chase and the accident, occurred on the same day and within minutes of each other, not two years apart as in this case. *Id*. at 812. Because the events in question did not occur contemporaneously and Plaintiff provides no evidence to suggest that the injuries from the first accident caused the second accident, the events cannot be characterized as concurrent for the purposes of establishing liability. *Id*. at 820-21. As previously

stated, the accidents in this case were separated by two years, not a matter of minutes. *Rodriguez* undermines, rather than supports, Plaintiff's position.

**IV. Conclusion**

For the reasons stated herein, Plaintiff fails to set forth a sufficient legal basis for an indivisible injury, and thus is not entitled to join the proposed defendants to the current litigation. As Plaintiff cannot state a joint liability claim as a matter of law, his motion for leave to amend to add defendants is therefore futile. Accordingly, the court **denies** Plaintiff's Motion for Leave to Amend Complaint and Add Non-Diverse Defendants.

**It is so ordered** this 23rd day of June, 2008.

Sam A. Lindsay
United States District Judge